## Case No. 8,362.
### LINDER v. LEWIS et al.
### [10 Ben. 49.][1]
District Court, S. D. New York. July. 1878.

VOLUNTARY ASSIGNMENT—EXECUTION LIEN—PRIORITY.

1. On the 28th of June, 1875, the firm of W. & Co. made a voluntary assignment to L. Thereafter K. & Co., H. W. & Co., L. & Co., and C. & Co. obtained judgments against W. & Co. and issued executions, under which the sheriff levied on the goods formerly belonging to W. & Co. and then in the possession of L. as assignee. L. notified the sheriff of his claim and the sheriff called on the execution creditors for indemnity, which each of them gave, and the sheriff proceeded to sell the goods. Before the sale, C. & Co. notified the sheriff that they withdrew the indemnity which they had given and that he must proceed only by virtue of the direction endorsed on their execution. The sheriff sold the property for $2,-606, which he applied on the executions of K. & Co. and L. & Co. and returned the others unsatisfied. Thereafter on the 3d of September, 1875, proceedings in bankruptcy were commenced against W. & Co. by other creditors, the act of bankruptcy alleged being the making of the voluntary assignment to L. They being adjudged bankrupts and an assignee having been appointed, he filed a bill in equity against L. and against the execution creditors to set aside the assignment to L. and to compel the execution creditors to account to him for the property taken under their executions: Held, that the title of the assignee in bankruptcy related back to the time of the making of the voluntary assignment and that the intervening levies of the judgment creditors were therefore cut off.

[See In re Beisenthal, Case No. 1,235.]

2. The sheriff and the judgment creditors, except C. & Co., must account for the property taken under their executions. As to C. & Co. the bill must be dismissed, because the sale was not their act.

3. L., having done all that he was bound to do to protect the property, was not liable to account for the property sold on execution.

4. As the evidence proved only that the assignment was void under the bankrupt law, the assignee was not estopped to deny that it was absolutely void under the law of New York, by the fact that it was averred in the creditors' petition to have been made with intent "to hinder and defraud creditors," especially as the petition averred also as an act of bankruptcy that it was made in contemplation of insolvency and to defeat the bankrupt law, and the adjudication may have been decreed under this last averment.

5. It seems that the averments of the creditors' petition as to the act of bankruptcy are not conclusive on the assignee.

[Bill by Joseph Linder, assignee of Wallack & Co., against Frederick Lewis and others.]

C. C. Yeaman, for complainant.
M. H. Regensberger, for judgment creditors.

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

W. B. Putney, for defendant Lewis.
H. F. Bookstaver, for sheriff.
J. D. Taylor, for Cowdin & Co.

CHOATE, District Judge. This is a suit in equity brought by an assignee in bankruptcy to set aside a voluntary assignment for the benefit of creditors. The assignment sought to be set aside was made June 28, 1875. The proceedings in bankruptcy were commenced by creditors' petition, Sept. 3. 1875. After the assignment and before the filing of the petition in bankruptcy, certain creditors of the bankrupts recovered judgment against them and issued their executions. The sheriff levied on the stock of goods, formerly of the bankrupt and then in the possession of the defendant Lewis, as their assignee. Lewis notified the sheriff of his claim, and the sheriff called on the execution creditors. whose executions he then held, namely, the defendants, William Kiefer & Co., Henry Wellstern & Co., Frank Leisler & Co. and Elliott C. Cowdin & Co., for bonds of indemnity, and they complied with the demand and gave the sheriff the customary bonds. The executions of Kiefer, Wellstern and Leisler were put in the sheriff's hands, July 9, at 11:55 a. m. and Cowdin's on the same day at 3:35 p. m. The other executions, those in favor of Muratt and Hershmann & Co., were put in the hands of the sheriff on the 15th and 16th of July. A jury was called and found the title in Lewis. The sheriff having received the bonds, proceeded with the sale of the property seized. The sale took place July 19. Before the sale took place, Cowdin & Co. notified the sheriff that they withdrew their bond of indemnity, that it was given under a misapprehension in the absence of their attorney, and directed him to proceed only by virtue of the direction endorsed on the execution and as he would have done if no bond had been given. The direction on the execution was to levy and collect the amount of the judgment with interest and charges. The property sold for $2606, which the sheriff applied to satisfaction of the executions of Kiefer & Co. and Leisler & Co. and his own fees. The other executions have been returned wholly unsatisfied.

The complainant is clearly entitled on the proofs to a decree avoiding as against him the assignment to the defendant Lewis. It is the settled law in this circuit, that when a voluntary assignment is avoided as a fraud upon the bankrupt law, the title of the assignee in bankruptcy relates back to the time of the execution of the voluntary assignment and thus cuts off intervening levies by judgment creditors of the assignor. In re Beisenthal [Case No. 1,236]. It is claimed, however, by the judgment creditors that the assignment in this case was not merely voidable as against the assignee in bankruptcy, but that it was absolutely void, and also void as against these judg-

ment creditors, because made to delay and defraud them, and that therefore they had a right to treat it as a nullity and to levy on the goods as the property of the assignor. But the evidence does not show any invalidity in the assignment other than that alleged in the bill, and fully proved, that it was made in contemplation of insolvency and with intent to defeat the bankrupt law [of 1867 (14 Stat. 517)]. The assignment was therefore voidable merely, and not void, and the case cannot be distinguished from In re Beisenthal [supra]. Nor is there any force in the suggestion that the assignee in bankruptcy is estopped to claim that the assignment was made with a different intent from that alleged in the creditors' petition on which the adjudication was made. The petition charges the making of this assignment "with intent to hinder and defraud creditors," as one of several acts of bankruptcy. The averments of the petition are not inconsistent with those of the bill, and if they were, it is not perceived that an adjudication on the petition ought to be held to estop the assignee if the facts are erroneously stated in the petition, especially where the facts properly stated would support the adjudication, and for aught that appears the adjudication was also well made upon the other alleged acts of bankruptcy.

The complainant is also entitled to a decree against the sheriff and all of the judgment creditors, by whose direction the sheriff sold the goods covered by the assignment. The three creditors, Kiefer & Co., Wellstern & Co. and Leisler & Co., are all responsible to account for this property because it was sold by their direction and procurement, and although two of them only have received the proceeds. The sale was the act of all. The sale does not justify either them or the sheriff, having been made in violation of complainant's rights and they must be held to account for the value of the property at the time they took it.

The notice given by Cowdin & Co. withdrawing their bond was clearly in its effect a direction to the sheriff not to sell except on his own responsibility. The circumstances were such that he was under no obligation to sell on their execution without receiving a bond of indemnity, and his subsequent acts after receiving the notice cannot be deemed to have been done under their execution. They were not called on to withdraw the execution or to countermand the direction endorsed on it. It was proper for them, while declining to give him the authority to sell this property on their account, to leave the execution for service, according to the ordinary course of business, till it should be in due time returned by him. No case for relief therefore is made out against the defendants Cowdin & Co.

The defendant Lewis appears to have done all that was required of him as assignee to

protect the property against the claims of the judgment creditors. He had no power to prevent the sheriff from selling, and he cannot be required to account for the goods so sold. He must account for all the other property which came to him as assignee.

Decree to be entered in accordance with this opinion.

[NOTE. This case was subsequently heard in the district court upon exceptions on behalf of the respondents on the master's report, and upon motion of the complainant for final decree. The respondents (the sheriff and the judgment creditors) objected to the entering of the decree against them, and claimed that in the former decision of the court there was error; that no case for equitable relief was made out against them. The exceptions were overruled. the report confirmed, and a final decree for complainant entered. 4 Fed. 318. Certain of these respondents perfected an appeal from this decision to the circuit court. Before the hearing of the appeal, and after the time for appeal had elapsed, one of the creditors, Wellstern, Meyer & Ochinger, against whom a decree for $3,109.24 had been entered, moved to open the decree, so that they might be heard upon the merits of their case. They were served with process, but never filed an answer or made any defense. It was claimed that this happened by mistake and misunderstanding of counsel; that they stood upon the same ground and had the same defense as Cowdin & Co. Their motion was denied, but says Judge Choate: "The case is clearly one in which the court would gladly give these parties relief if it had the power. They are apparently in the position of being called on to pay what other defendants, upon the same state of facts, have been held not liable to pay." 1 Fed. 378. Circuit Judge Blatchford delivered the opinion upon appeal, in which he said: "All the points urged by the appellants appear to have been carefully considered by the district judge in his decision. So far as the main questions at issue are concerned, I think they were all properly disposed of except the question of interest." The only question involved in the interest was as to the time for which it should run. 4 Fed. 324.]